NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JAIME RODOLFO GARCIA-GOMEZ,
AKA Jaime Rodolfo Garcia,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    16-74012

Agency No. A205-316-037

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Jaime Rodolfo Garcia-Gomez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA) order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and relief under the Convention Against Torture

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

We lack jurisdiction to consider Garcia-Gomez's asylum claim where he failed to exhaust any challenge the IJ's determination that his asylum application was untimely. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below). Thus, we dismiss the petition for review as to his asylum claim.

Substantial evidence supports the agency's denial of Garcia-Gomez's CAT claim because he failed to establish it is more likely than not that he would be tortured by the government of El Salvador, or with its consent or acquiescence. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

As to withholding of removal, Garcia-Gomez contends that he was harmed on account of his resistance to gang recruitment. Substantial evidence supports the

16-74012

agency's determination that, even if credible, Garcia-Gomez failed to establish that his experiences with gangs in El Salvador rose to the level of persecution. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation marks omitted)). As to his fear of future harm, Garcia-Gomez contends that he will be persecuted on account of his status as a returnee from the United States. In rejecting this, the BIA stated that it affirmed the IJ's finding that this was not a cognizable social group. However, the IJ did not make any findings as to this social group. Thus, BIA erred in relying on a non-existent IJ finding. Thus, we grant the petition for review in part, and remand Garcia-Gomez's withholding of removal claim to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

On October 30, 2017, the court received Garcia-Gomez's motion to stay removal and to proceed in forma pauperis (Docket No. 15). The request for stay of removal is denied as unnecessary because, pursuant to this court's October 25, 2017 order, Garcia-Gomez has a temporary stay of removal in effect. We deny the request for in forma pauperis because Garcia-Gomez's has already paid filing fee.

3                                                    16-74012

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**